Ladies and gentlemen, please rise. This court is now in session. Good morning. Please be seated. May I call the case? 322-0178, Elizabeth Morris v. Juan Aguirre, then released by James McFedrin v. Rockford Systems, Inc., formerly of Illinois Corporation, et al., announced by Melissa Dockage. Ms. Dockage, if you're ready, you may proceed. Good morning. May I please report, counsel? The matters before this court are two certified questions regarding the application of Section 1280 of the Business Corporation Act. It's known as the Corporate Survival Statute. The first question asks whether the current version of the statute, effective on January 1, 2015, applies retroactively where the plaintiff suffered his injury after the suspended corporation dissolved. Under the version of the Corporate Survival Statute, it affected the time Rockford Systems dissolved. The dissolution of a corporation would not impair any civil remedy available against the corporation for any right or claim existing or any liability incurred prior to such dissolution. Here, it's undisputed that Rockford Systems dissolved on November 20, 2014, and Mr. Breas did not suffer his injury until August 4, 2017. The second certified question addresses the five-year corporate survival period set forth in either version of the Corporate Survival Statute, and it asks whether the Relation Back Doctrine under Section 616 of the Code of Civil Procedure allows a plaintiff to amend his complaint to include for the first time dissolved corporation after the running of the five-year corporate survival period. Although this is here on 308, there's just a few dates that may be helpful in analyzing this matter. In July 15, 2009, Rockford Systems delivered a barrier guard in what's called a bliss machine at the place of Mr. Breas' employment. On November 20, 2014, Rockford Systems dissolved by filing articles of dissolution, and it ceased to exist five years later on November 20, 2019. On August 4, 2017, Mr. Breas suffered his injury. On August 2, 2019, nearly two years later, Mr. Breas filed his suit, but against other defendants and not the dissolved corporations. In February 2020, Mr. Breas amended his suit to include for the first time dissolved corporations. Question 1. The version of the Corporate Survival Act in effect at the time Rockford Systems dissolved in 2014 provided that the dissolution of a corporation would not impair any civil remedy available or any right of claim existing or any liability incurred prior to such dissolution. Under the version of the statute that came into effect January 1, 2015, the dissolution of a corporation would not impair any civil remedy for any liability incurred prior to, at the time of, or after such dissolution. If we apply the statute that was in effect at the time Rockford Systems dissolved, Mr. Breas would not have had cause of action at all because his injury occurred after Rockford Systems dissolved. Under the version of the statute in effect in 2015, Mr. Breas could have cause of action because his injury occurred during that five-year corporate wind-up period as long as Mr. Breas filed his lawsuit within that five-year corporate wind-up period. So which version of the statute applies? To answer this question, we cite in our brief to Perry v. Department of Transportation Professional Regulation, the court case from 2018. The case involved two consolidated cases involving records requests under FOIA. After the requesters requested their requests and were denied, they filed their lawsuits. And while those cases were pending, the disclosure laws were amended to exempt the information the requesters sought. Now the department argued that the court should apply the amendments that were in effect at the time of the court's decision. The requesters, on the other hand, said the law should apply at the time they initially made their requests. The Perry court provides a very good retroactivity analysis. It really takes many steps and shows us how we should do this. While it discusses a lengthy analysis, the analysis itself, the first question at least, is a fairly straightforward one. Did the legislature expressly prescribe that the statute must be applied retroactively? Now the legislature's intent is best indicated by the plain language of the statute itself. In fact, as long as the statute itself is clear, the court doesn't need to look to any other extremes. What about Pronger? So in other words, my question being that Pronger seems to suggest that, and I would concede there's nothing in the text of the statute to speak to its temporal reach, but Pronger says it's not just the text. We look to, essentially, legislative history or the reasons for the amendment. And we have some reasons here. Well, first I'll address the Pronger, which was decided before the Supreme Court decision. Pronger was an interesting case in that the Pronger court came down and said it was really a procedural decision. Because what had happened is there were these parental rights involving a five-month-old child. This case had gone on for several years. There were over 15 hearings. And at each of the hearings, the infant child was represented by a guardian ad litem. It was only after these 15 hearings and the course of years, the last, and the mother's rights were terminated, that she said, well, wait a minute, you never had jurisdiction over the infant child because you never personally served it. The Pronger court did look to some of the history, but it really came down on the decision to say this was procedural. This is just a matter of how do we serve summons and hail people into court. I would also say that the history in this part, although the legislature clearly wanted to amend the statute, and I think it was in response to the Hewlett decision, the legislature didn't say it wanted to apply the statute retroactively. And historically, from 1933 on, the statute has always said that injuries occurred prior to dissolution, or the cases that could be brought forward. The legislature amended the statute several times. In 1933, I think it was a two-year corporate survival period. In 1985, it was amended to be a five-year corporate survival period. The Hewlett decision itself, the Illinois Supreme Court said it was following the decision of prior courts. It was not an outlier. It was not changing the law. It was applying the law as it had been applied. So, I don't think there's this long history of making a problem with this statute. I think the legislature didn't like the effect of this decision in Hewlett, and it amended the statute. But if they amend statutes all the time, it doesn't mean that the statute needs to be applied retroactively. In the briefs, you point out that Hewlett, in the amendment, at least in legislative history, they were concerned with breach of contract. But you're not arguing that to the extent that 12.8 applies, it only applies to those types of cases? Not at all, Your Honor. But that was the concern of the legislature, that a corporation couldn't enter into a contract and dissolve it without consequence during the windup. So, we're talking about the plain language of the statute itself. This statute doesn't include any language to the effect of, you know, this amendment applies to all claims pending on or filed after the effective date of this amendment. I use that language because you find that language in the wrongful death act. Or, for example, Lazenby v. Marks Construction, an Illinois Supreme Court case in 2010, cited in the briefs as an amendment to the Fire and Investigation Act. And that amendment expressly stated, this section applies to all causes of action that have approved, will approve, or are currently pending. Again, there is no such expressed language in the amendment version that's 12.80. The legislature certainly knew how to do that, it has done it, and it didn't do that in this situation. The parties also cite to the case Hayashi v. Illinois Department of Financial and Professional Regulation. That case involved health care providers who challenged the retroactive application of a statute that required the revocation of their medical licenses. The statutes went into effect after the health care providers had been found guilty of crimes involving sexual misconduct towards their patients. The relevant language of the statute said, you know, when a health care worker has been convicted, not is convicted, has been convicted, and I'm sure a little grammar lesson has been, is the present perfect. This means beginning in the past and continuing in the future. I always find it amusing that you ascribe such knowledge of grammar to the legislature. Let me ask about two other cases more specifically. It seems to me we have these two cases. Moore's the minor case where they extended it, and then the other case, the name of which escapes me, where the voluntary dismissal for a year. What about those two cases? Are they good law, and if they are good law, don't they inform what we should do here? Well, in Moore, the court did acknowledge that the corporate survival statute is just that. The court expressed a special consideration for the rights of the minors. But how did they have the power to do that, if in fact the corporate survival statute means what it says? Your Honor, I don't know how they had the power to do it, because I think the corporate survival statute does mean what it says, but I can tell you that that Moore decision has been limited to its facts, and it hasn't been used by the courts since then. In fact, the Michigan-Indiana Condominium Court, the same first district in 2014, limited the holding to its particular facts. There's also something that happened in Moore that didn't happen here, and we didn't cite it in the papers, but rereading Moore last night, I noticed this. In Moore, the plaintiff had contacted the dissolved corporation prior to its dissolution, and it had filed a claim of leave, I'm sorry, an attorney's leave, and the insurance adjuster for the corporation and the plaintiff had been in communication for years regarding this claim of leave, regarding the plaintiff's injury. Those communications went on from 1975 to 1978, when for reasons that are unexplained, the insurance adjuster decided not to settle the claim. Later, in 1978, the corporation dissolved, and part of the issue is the plaintiff claimed they had never had noticed the dissolution, and that they were reclaimed. So, while that doesn't answer your question, how does the court have the power to do what the court did, I think it informs a little bit of what that court's decision was, not just the right of minors, but the fact that there was a claim that the corporation knew about prior to its dissolution. And again, I would also say, other cases have cited MS versus Dinkytown Day Care Center. That's a South Dakota decision, obviously, it's not binding, but I think it's helpful. There they affirmed the dismissal of the guardian minors and the plaintiff's dissolved day care center, but it was argued that the day care center had allowed sexual abuse of these young children to occur. They said that the complaint was time-barred, even though it involved minors, and even though it involved terrible facts. According to that court, corporate survival statutes create both the right to sue a dissolved corporation, and the conditions which must be fully complied with for the right to resist. Thank you. I know my time is coming to an end. You're not quite time-barred yet, but you're getting there. Are there any questions? Justice Peterson? No. Justice Davenport? No. Thank you very much. You'll have an opportunity in rebuttal. Thank you. Mr. McPhedren? I'm here to give support. Thank you. Good morning, Your Honor. Thank you for your support. For the record, my name is Attorney James McPhedren. I'm arguing this morning on behalf of the plaintiff. The plaintiff's was a Barajas and Bonham choir, and for the record, the plaintiff Barajas is in court this morning. The court's heard the questions and read the questions, unless the court needs me to do so, I'm not going to go into restating the questions that counsel has appropriately referenced. In the incident case, 12.80, in regard to the first question, should definitely be applied retroactively, although I also take issue, and we have throughout the case, as to whether, given the legislative history following the amendment, that even the original version should not be applied to support the plaintiff in the incident case. The Supreme Court at the time PILOT was decided did not have the benefit of the legislative history that came after, and indeed, that was a central tenet on which the Supreme Court based. Check paragraph 48 of the opinion in the Supreme Court decision in PILOT referenced that the appellate court had held different, and the Supreme Court said that it was blind on the point that there had been no legislative history given a concern or question about the cases that had been decided for years, finding that you couldn't have a cause of action when the final part of making the cause of action grew after. The certified questions, however, seem to presume that otherwise you wouldn't be able to proceed. Is that fair? The certified questions don't ask us to address that issue. How so? Well, because question two doesn't say which statute you're talking about. Well, question two is a relation back question. Well, if we're limiting it to that, then okay. Well, I'm not limiting it. Isn't that what it says? It says, it says, limiting it. It doesn't talk about which version. But, in regard to the relation back, you know, we've asked the question. Getting back to this, Your Honor, Justice Brennan, you were correct in referencing the Pronger case and raising questions, and that was something that the trial court relied upon in the Innocence case, too, in denying the motion to dismiss and in regard to Pronger, we found that that was procedural and based upon the legislative history, and that is similar to the Innocence case herein. We maintain that it's procedural as well. The trial court also referenced the Walden Home v. Schmidt case as an indication, and I'm citing it, in regard to, it's also another survival statute, and it deals with survival of remedy. It also can't be disputed that Walden Homes, let's say you, about the distinction between a, so Walden Homes, it was a remedy or right that was recognized in the common law. Here, I mean, corporations are creatures of statute. The ability to sue them, not sue them, and when you can sue them after disillusion, again, entirely a creature of statute, not recognized in any sense in the common law. Does that, what do you say about the defendant's distinguishing of Walden Homes based upon that? I think there's a distinction there, but it doesn't make a difference in the big picture because I think that the, the amendment to the statute here simply clarified the existing law, and I'll get into that, and when you get into that aspect of it, you don't even need to address Pronker, you don't even need to address Walden Homes, and when you get into that, but I think that it still is a matter of procedure. Filing a lawsuit in the time frame is still a method of procedure, same as issuing summons, which was involved in the Pronker case. It's still a method of procedure. The cause of action for right existed when the alleged negligence in regard to creating the alleged effective guard that counsel referenced that Weissland wants to have decided on the merit for that was the cause of losing his hand. But there's no cause of action until the injury. There's no cause of action, but section 12.80 doesn't say you have to have a cause of action for right and that's the part that the appellate court sees on and I think that's the part that the legislative history goes back in and says that's why the injustice of what happened to the Whitlam Impeachment shouldn't have occurred had the Supreme Court had the guidance of the legislative history as to what their intent was, which they didn't have in 2012. But right after that, in fact the statute was even amended for the passing of legislatures and signed by the governor even before their dissolution became final. So I believe that the intention here, and there's also the point in law in general wherein when the amendment to the statute takes place shortly following, this is in the Bailey case that's mentioned, when there's an amendment to the statute that takes place shortly following a decision of the court, there's a tenet in the law that almost presumes that the intention is to correct the error and as Your Honor pointed out in his question, there should be no meaningful distinction between whether it's a contract action or a court action. Indeed, counsel and defense are positions and that was a contract action. So I think that there's no question but that when you consider everything in context here, the point that the legislature I believe intended originally to have the survival statute applied for a case such as this where the right to be free from having a negligent garment in 2009 wherein an accident happened, it may have been a contingent cause of action doesn't happen until you have the accident but the right to be free from that negligence they have as a product, that was there originally. The cause of action didn't arrive until later. We have to acknowledge that. But it's or and that's how you get the fact that the reason that the legislature appealed because the legislature didn't have the benefit of it was incorrect in deciding to respond. And there is reference in the legislature's history by Senator Carter. He was part of this idea when he talked about contract and court and everything which he's drafted off that position now. But there's no question that in that particular case it was supportive of our client's position here when I consider the total context here. So we take the combination of we believe it is procedural and also and that Judge now Justice Harold's reasoning and rationale we believe was correct. But aside from that the additional central basis I wish to uphold by my decision to deny a motion to dismiss and answer question 1 in the affirmative is clearly that it's a correction of a prior incorrect interpretation and that has a presumption that it will be applied retroactively as well as prospectively. But now we get to the point where the specific language of the statute notwithstanding counsel's resourceful arguments in suggesting that when the legislature talked about in the amendment how you have a disillusion where it would be filing your articles etcetera etcetera that however is not the part of the statute that also talks about the temporal portion. The temporal portion is talked about later on where it talks about applying to all rights or causes of action that occur prior to the time of the subsequent. That's a reference to application to all of them. That would include the plaintiff's actions that also occur within the five year time period and also occur subsequently in the statute. All of their cases involving the statute in regard to 12.80 all of their cases don't involve the circumstances such as that here. When you talk about retroactivity all the facts ensue whether it's Perry whether it's ComEd case Cavaney any of them that they cite all the facts ensue happen before. Here the accident happened after the statute was enacted. So there's that point as well. So for all of these things we think that when you consider that it's procedural when you consider we suggest that aside from that it is clearly a correction of an interpretation that indication should be applied retroactively and there's no reason to go against that tenet. They try to distinguish it in the reply brief I suggest they didn't come up with an open basis and the portion of the Bailey decision that references and that was the unemployment case. When you have such a matter that there's a general almost presumption that it is intended to be applied retroactively. So you don't even need to get into the specific language but the specific language is supported too and our language here is similar to Lassie. They try to distinguish that too. I suggest that when you're talking about rights or causes of action occurring prior to or subsequent that encompasses our accident wherein the right existed back when they put the guard in to not have people be subject to an injury like this and it ripened into a cause of action when the accident happened in 2017 also within the five year time period. I suggest that you take a look  the statute that was cited. They were read in paring the theory of the statute. That's what the trial court was doing too. In those cases it had to do with the statute allowing non-suits and cases and in the other cases it was       cases it was not allowing non-suits and cases and this gets into question two. Here you have the combination of that statute and you have 2616 which says that relation back applies and then the case is considered timely filed. So all the cases that and this is not a rhetorical question but is it correct that all the cases that are cited that you used to say that relation back should apply they're all statutes of limitation cases for the most part. None of them are a corporate dissolution case. And I ask this question because the corporate survival statute we have a case law that says it's not a statute of limitations it's a common law that says you can never sue a dissolved corporation. So is that distinction meaningful in your opinion in any way? It's a distinction that they were raising and I think that it's meaningful to have that distinction. Can you relate back to the case law where the common law said you could never sue and the only reason you can sue is this survival statute? I think you have to consider the statutes in very material. Every survival statute is a statute of limitations. We don't have that many survival I mean it's an unusual thing. So is it a statute of limitations? But it doesn't matter because through 616D and the specific language of 616D and that's what they tried to hang their hat on to and it's not limited to statutes of limitations. And you need to consider the purpose of 616D too. But when you consider the specific language it doesn't say statute of limitations it's any statute any statute or contract which limits or prescribes the time frame within which a clause of action may be drawn. And that statute extending the life of a corporation is without question a statute that limits the time that you consume a corporation. And when you read those statutes in paramateria and when you consider the liberal construction that all cases say you should have in 616D you get to the specific language in that statute. They can't say it was paramateria but that when you have one statute that extends the life and you have another statute that says if the relation back applies there was no reason why that should be not read together. And I believe that he was correct on that. Because when you have a statute limiting the time that you consume they can be creative as they wish in regards to the English language but the specific language of that statute is clear and there's no basis or reason why this court should not just apply the statute as written in paramateria with the other statute and the amendment. And when you then consider it the totality of circumstances you're in wherein our cases file timely we have service on Rockford system LLC within the five years. They need an extension because we're civility. We give extensions to plead. We don't take up the court's time. We don't find out that the five years is over. Mr. McPhedren thank you. Justice Peterson any questions? No. Justice Davenport? No. Thank you very much. Can I just say one statement? You may wind up, yes. She's going to have a final opportunity to speak here. All I want you to know is that whatever she says I would have all the respect to have an answer for her. Thank you. If that's a motion for sir rebuttal it's denied. I also have from the defense counsel trial. Mr. McPhedren we can probably take judicial notice of that that you would have an answer for anything that she says. Thank you Justice. Ms. Davenport. Just a few points in rebuttal. The amendment isn't merely a clarification.    make a statement less confusing or more clearly comprehensible. Here the law is clear and it is clear and it